**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dobbs,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-22-00384-TUC-RCC<br><br>**ORDER** |

On July 14, 2023, Magistrate Judge Angela M. Martinez filed a Report and Recommendation ("R&R") recommending that the Court affirm the decision of the Commissioner of Social Security ("Commissioner"). (Doc. 25.) The Magistrate Judge informed the parties that they had 14 days to file written objections to the R&R and an additional 14 days to respond. (*Id.* at 18.) Plaintiff filed an objection. (Doc. 27.) The Commissioner responded. (Doc. 29.)

**I.     Standard of Review**

The standard of review applied to a magistrate judge's report and recommendation depends on whether a party files objections. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district court need not review "a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Id.* at 150. If, however, a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return

the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Although the district court is not required to review an issue de novo absent a proper objection, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

## II. Magistrate Judge's Report and Recommendation[1]

### a. Opinion Evidence

The Magistrate Judge concluded that substantial evidence supports the ALJ's weighing of the medical opinions offered by Drs. Wingate, Wheeler, and Hopfenbeck. (Doc. 25 at 4–10.) The Magistrate Judge examined the supportability and consistency determinations the ALJ made with regard to the testimony from each of these doctors. (*Id.*)

First, the Magistrate Judge reasoned the record supports the finding that Dr. Wingate's opinion was inconsistent with other medical evidence. (*Id.* at 6 (citing several places in the record where mental health symptoms were responsive to treatment).) Although Dr. Wingate opined that Plaintiff had marked limitations in performing activities within a schedule, maintaining regular attendance, being punctual, maintaining appropriate behavior in a work setting, and completing a normal workday and week without interruptions from psychological symptoms, other medical evidence showed that his symptoms had improved with treatment and he displayed a normal and appropriate affect during sessions. (*Id.*) The Magistrate Judge also determined it was reasonable for the ALJ to doubt portions of Dr. Wingate's opinion because Dr. Wingate "did not account for her observation of Plaintiff's minimal effort and possible feigning of memory problems . . . ." (*Id.*) Still, the Magistrate Judge highlighted that, to the extent the ALJ discounted portions of Dr. Wingate's opinion, he articulated specific reasons other than Dr. Wingate's observation that Plaintiff may have feigned memory issues. (*Id.*)

Next, the Magistrate Judge determined that substantial evidence supports the

---

[1] Because there is no objection to the factual or procedural summary, the Court incorporates the Magistrate Judge's recitation of the facts and only refers to them as is necessary to explain the Court's decision adopting the R&R.

ALJ's favoring of Dr. Wheeler's opinion, which found that limitations on Plaintiff's basic work activities and overall severity of his mental impairments were only moderate. (*Id.* at 7–8.) While the Magistrate Judge acknowledged it was problematic for the ALJ to highlight Dr. Wheeler's belief that Plaintiff was trying to "make his case" or "v[ie] for disability," she ultimately concluded that this error was harmless. (*Id.* at 8.) The Magistrate Judge explained "the ALJ relied primarily on other medical evidence in the record showing Plaintiff's improvement with treatment, consistently stable and normal mood and affect, no more than moderate deficits in mental functioning, and engagement in various social and community activities." (*Id.*) She also observed that neither Dr. Wingate nor Dr. Wheeler articulated whether or how their doubts regarding Plaintiff's veracity affected their ultimate conclusions. (*Id.*)

The Magistrate Judge further concluded there is substantial evidence to support the ALJ's judgment of Dr. Hopfenbeck's opinion. (*Id.* at 10.) Dr. Hopfenbeck opined that Plaintiff meets the criteria for severe and chronic PTSD and that it is "very unlikely" that his condition will significantly improve to the level of being able to work. (*Id.* at 9.) The Magistrate Judge explained that the ALJ relied on other medical evidence to find that Dr. Hopfenbeck's examination was either based on incomplete information or otherwise inconsistent with the record. (*Id.* at 10 (citing several places in the record that contradicted Dr. Hopfenbeck's opinion).) For example, as the Magistrate Judge highlighted, Plaintiff reported to Dr. Hopfenbeck that he had contemplated suicide but denied suicidal thoughts during treatment. (*Id.* at 9.)

### b. Symptom Testimony

Next, the Magistrate Judge examined the ALJ's decision to afford less weight to Plaintiff's testimony regarding the severity and effect of his mental health symptoms because it was inconsistent with the record. (*Id.* at 12–17.) The Magistrate Judge outlined the various inconsistencies that the ALJ articulated in his decision. (*Id.* at 12–14.) She then concluded that "[t]he ALJ made sufficiently specific, clear, and convincing findings regarding the weight given to Plaintiff's testimony." (*Id.* at 16.) The Magistrate Judge further considered evidence that might undermine the ALJ's conclusion but found that

none of it "upend[ed] the substantial evidence supporting the ALJ's conclusion." (*Id.* at 17.)

### III.     Plaintiff's Objection

Plaintiff filed an Objection in which he argues that the Magistrate Judge incorrectly applied the standard to conclude there is substantial evidence to support the ALJ's assessment of the medical opinions. (Doc. 27 at 1–2.) Specifically, Plaintiff argues that any evidence his symptoms had improved is insufficient to contradict the conclusion that he is disabled. (*Id.* at 2.)

Furthermore, Plaintiff urges the Court not to consider the fact that Dr. Wingate failed to explain whether she accounted for her observation that Plaintiff feigned memory problems before she concluded that he had marked limitations in overall functioning because Dr. Wingate did not find Plaintiff had marked limitations in memory. (*Id.*) Relatedly, Plaintiff argues the Magistrate Judge incorrectly concluded that any error in relying on the fact that Drs. Wingate and Wheeler questioned Plaintiff's truthfulness was harmless. (*Id.* at 3.) Plaintiff claims the Magistrate Judge "assumes the ALJ cannot err and that the ALJ's focus on minor factors that are barely inconsistencies at all was reasonable just because it was long and detailed." (*Id.*) He further asserts that the Magistrate Judge failed to consider that "the record contains mostly opinions that consistently opine disabling limitations." (*Id.* at 4.)

Finally, Plaintiff objects to the Magistrate Judge's finding that the ALJ's analysis of Plaintiff's symptom testimony is supported by substantial evidence. (*Id.*) Plaintiff asserts that "the ALJ's focus on credibility only loosely tied to symptom analysis . . . provides ample reason to find that the ALJ's findings are not reasonable." (*Id.*) He also emphasizes that there was no discrepancy in reported suicidal ideation, and discrepancies between objective evidence and symptom testimony is not alone a reason to disregard Plaintiff's description of his symptoms. (*Id.*)

### IV.     Discussion

Upon de novo review, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's weighing of the medical opinions from Drs. Wingate,

- 4 -

Wheeler, and Hopfenbeck, as well as Plaintiff's symptom testimony. The Court must affirm the decision if it is both supported by substantial evidence and free of legal error, *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020), and substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison, Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). As the Magistrate Judge explained, it is not this Court, but "[t]he ALJ [who] is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." (Doc. 25 at 3 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).) Thus, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (*Id.* at 3–4 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).) Nonetheless, the ALJ must "'articulate . . . how persuasive' [he] finds 'all the medical opinions' from each doctor or other source . . . and 'explain how [he] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)).

Here, the ALJ did just that. Plaintiff is mistaken in his assertion that the Magistrate Judge merely afforded credibility to the ALJ's opinion because it was lengthy or detailed. As the Magistrate Judge explained, in that length and detail was a specific accounting of how and why the ALJ found Dr. Wingate's and Dr. Hopfenbeck's opinions less consistent with other medical evidence and relied on Dr. Wheeler's because it was more consistent with the record. Furthermore, the Magistrate Judge considered evidence that detracts from the ALJ's assessment but did not find it sufficient to render the ALJ's opinion unreasonable. This Court agrees. (*See* Doc. 25 at 6, 8, 10 (making specific citations to the record that support the ALJ's finding with regard to the consistency and supportability of each doctor's opinion).) The Court also agrees that any reliance on the fact that Drs. Wingate and Wheeler questioned Plaintiff's truthfulness was harmless because the ALJ focused more on other medical evidence than on the doctors' speculation. (*Id.*)

Moreover, the Court agrees that the ALJ provided specific, clear, and convincing reasons supported by the record to discount Plaintiff's symptom testimony. While the

- 5 -

ALJ is not required to accept the claimant's symptom testimony, *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009), absent evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's symptom testimony, *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). "The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ cited various inconsistencies showing that Plaintiff's symptoms had improved with treatment and sobriety, he demonstrated normal mood, affect, and functioning during treatment, and had a higher level of functioning during daily and social activities than reported. (Doc. 25 at 12–14.) The ALJ also highlighted that Plaintiff had performed "under-the-table" jobs after August 2018. (*Id.* at 12 (citing AR 43, 647, 663).)

Although Plaintiff argues that the evidence does not support the rational conclusion that Plaintiff was not disabled, the Court disagrees. As the Magistrate Judge made clear, the question is not whether the evidence can support a different conclusion; rather, on the standard of review required of this Court, the question is whether there is "more than a mere scintilla but less than a preponderance" to support the ALJ's findings. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The facts cited by the Magistrate Judge regarding possible improvement of Plaintiff's symptoms provide the substantial evidence required to support the ALJ's RFC conclusion, even if, as the Magistrate Judge noted, some facts could suggest otherwise.

///
///
///
///
///

### V. Conclusion

In summary, the Court has reviewed the record and the briefs as well as the Magistrate Judge's R&R and Plaintiff's Objection. The Court finds the Magistrate Judge's conclusions well-reasoned and agrees with her findings. Accordingly,

**IT IS ORDERED:**

1. The Report and Recommendation is **ADOPTED**. (Doc. 25.)

2. The decision of the Commissioner denying Plaintiff's claim for benefits is **AFFIRMED**. The Clerk of Court shall close this case.

Dated this 28th day of August, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge